IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| TAMMY PETTIT, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 1:17cv00126-JJV |
| Commissioner for Operations, performing | * | |
| the duties and functions not reserved to the | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Tammy Pettit, appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits and supplemental security income. For reasons set out below, the decision of the Commissioner is REVERSED and REMANDED.

**I.     BACKGROUND**

On June 29, 2015, Ms. Pettit protectively filed for benefits due to degenerative joint disease, a steel rod in her left femur, depression, and anxiety. (Tr. 68-68.) Her claims were denied initially and upon reconsideration. At Ms. Pettit's request, an Administrative Law Judge ("ALJ") held a hearing on October 12, 2016, where Ms. Pettit appeared with her lawyer. (Tr. 29-65.) At the hearing, the ALJ heard testimony from Ms. Pettit and a vocational expert ("VE").

The ALJ issued a decision on February 22, 2017, finding Ms. Pettit was not disabled under the Social Security Act. (Tr. 10-23.) The Appeals Council denied Ms. Pettit's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3.)

Ms. Pettit, who was fifty-four years old at the time of the hearing (Tr. 32), has a high school

education (Tr. 33) and past relevant work as an assistant housing director (Tr. 21).

## II.   DECISION OF THE ADMINISTRATIVE LAW JUDGE

The ALJ found Ms. Pettit had not engaged in substantial gainful activity since April 23, 2013, and she had "severe" impairments in the form of "osteoarthritis; degenerative disc disease; and status post history of carpal tunnel release and neuropathy." (Tr. 13.) However, the ALJ found she did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15-16.)

According to the ALJ, Ms. Pettit has the residual functional capacity ("RFC") to perform sedentary work "except [she] can frequently finger and handle with the upper extremities; occasionally stoop, crouch, bend, kneel, balance, and crawl; and can understand, remember and carry out detailed instructions and respond to changes within the workplace." (Tr. 16.) The ALJ utilized the services of a VE to determine the requirements of Plaintiff's past work and whether jobs existed in significant numbers that Plaintiff could perform despite her impairments. The VE initially testified that Plaintiff's past work was, ". . . skilled, light work, SVP [specific vocational preparation] 5." (Tr. 57.) The VE then clarified that because she was an assistant director, "I, this, most of the time we consider that like an SVP 4, semi-skilled. So probably semi-skilled, light work, best I can tell." (*Id.*) When asked if the "position involved skills that would transfer to a less exertionally demanding position," the VE testified, "there are some clerical skills, the typing, various clerical, like to a receptionist." (Tr. 58.) So the ALJ asked the VE if jobs existed for an individual capable, *inter alia*, of performing sedentary work who "can understand, remember, and carry out detailed instructions and respond to changes within the workplace." (*Id*.) The VE testified Ms. Pettit's past work as assistant housing director was "compatible to [the] profile." (*Id*.) The VE also identified the jobs of information clerk and receptionist that fit the ALJ's hypothetical

profile. (Tr. 59.) Accordingly, the ALJ determined Ms. Pettit could perform her past work as an assistant housing director as well as other work that existed in significant numbers in the economy. (Tr. 21-22.) Accordingly, the ALJ concluded Ms. Pettit was not disabled. (Tr. 22-23.)

### III.   ANALYSIS

#### A.   Standard of Review

In reviewing the Commissioner's decision, courts must determine whether there is substantial evidence in the record as a whole to support the decision. Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."

In reviewing the record as a whole, a court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."

#### B.   Ms. Pettit's Arguments for Reversal

Ms. Pettit asserts the Commissioner's decision should be reversed because it is not supported by substantial evidence. Specifically, she contends the ALJ: (1) failed to resolve the conflict between the Dictionary of Occupational Titles (DOT) and the VE testimony; and (2) failed to properly consider her credibility. (Doc. No. 13 at 8-14.)

##### 1.   Failure to Resolve Conflict

Not resolving a conflict between the VE testimony and the job as it is described in the DOT is reversible error. Here, the inquiry must focus on the ALJ's assessment that Plaintiff can "understand, remember and carry out detailed instructions and respond to changes within the workplace." Plaintiff argues this description amounts to level 2 reasoning. I agree.

The General Educational Development (GED) reasoning level component of each DOT

occupation specifies those aspects of formal and informal education required of a worker for satisfactory job performance. Plaintiff's past job of assistant housing director is performed at a GED reasoning level of 4 or 5. (Tr. 57.) A GED reasoning level of 4 requires the worker to be able to "[a]pply principles of rational systems to solve practical problems and deal with a variety of concrete variables in situations where only limited standardization exists." DICTIONARY OF OCCUPATIONAL TITLES, US DEPARTMENT OF LABOR, REVISED 4TH ED. (1991) at 1010. It also requires the ability to "[i]nterpret a variety of instructions furnished in written, oral, diagrammatic, or schedule form. (Examples of rational systems include: bookkeeping, internal combustion engines, electric wiring systems, house building, farm management, and navigation.)" *Id.* Clearly, according to the ALJ's residual functional capacity assessment, a GED reasoning level of 4 would be beyond Ms. Pettit's present capabilities.

The closer question is with the alternative jobs of information clerk and receptionist. Those jobs have a GED reasoning level of 3. This requires an ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations." *Id.* This would still exceed her RFC.

The Commissioner argues – somewhat persuasively – that Plaintiff is relying too heavily on the ALJ's use of the word "detailed" in his RFC assessment. (Doc. No. 17 at 5.) While I find this to be a close call, I still conclude a conflict exists that must be resolved. I have carefully reviewed the VE's testimony on this point and I find his answers simply fail to provide resolution to this conflict. (Tr. 57-58.)

I note the Commissioner argues Plaintiff should have raised these points with the ALJ at the administrative hearing – a very good point. And I generally side with the Commissioner on

this point, reminding Plaintiff it was her burden of proving disability. However, here I find the VE's testimony fails to amount to substantial evidence. Given the VE's testimony and Plaintiff's RFC, I am not convinced she is capable of performing her past relevant work or the jobs identified by the ALJ.

Accordingly, I find that the ALJ's decision is not based on substantial evidence. The ALJ concludes his decision is based on the VE's testimony being "consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 22.) It is not. Therefore, this matter should be remanded to the Commissioner to resolve the conflict between the VE's testimony and the DOT.

2.   Other Argument

On remand, the Commissioner should address Ms. Pettit's arguments regarding the ALJ's credibility assessment.

## IV.   CONCLUSION

A reasonable mind would not accept the evidence as adequate to support the ALJ's decision because the decision does not resolve the conflict between Plaintiff's residual functional capacity and requirements of the jobs of assistant housing director, information clerk, and receptionist. Therefore, the Court REVERSES the decision and REMANDS the case to the Commissioner for resolution of this conflict.

This is a "Sentence Four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 26th day of June, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE